UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EUN YOUNG CHOI, | Case No. 5:26-cv-01989-SSC |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

On April 21, 2026, Petitioner Eun Young Choi filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California.  (*Id.* at 2.)

The petition alleges the following facts.  Petitioner entered the United States in August 1995.  (*Id.* at 6.)  She later obtained F-1 student status in April 1996.  (*Id.*)  Petitioner was apprehended by immigration officers in 2015 and was detained for approximately one day and released on her own recognizance.  (*Id.* at 2; ECF 1-2 at 2.)  Petitioner was granted deferred action on August 21, 2015, and she complied with all reporting and immigration requirements associated with that status.  (*Id.* at 6; ECF 1-1 at 2.)  Petitioner's husband, a U.S. citizen, filed a Form I-130 Petition for Alien Relative on May 12, 2017,

---

[1] Petitioner is a citizen of South Korea.  (ECF 1 at 5, 6.)

which was just recently approved on approved on March 5, 2026.  (ECF 1 at 6; ECF 1-3 at 2.)  In between, on June 7, 2018, Petitioner pleaded guilty to and was convicted of: (1) conspiracy to commit offense or to defraud United States (18 U.S.C. § 371); and (2) fraud and misuse of visas, permits, and other documents (18 U.S.C. § 1546).  (ECF 1 at 7; ECF 1-4 at 2.)  Petitioner was sentenced to five years' probation by District Judge George H. Wu in this judicial district.  (ECF 1 at 7; ECF 1-4 at 2.)  Petitioner successfully completed her probation on June 6, 2023.  (ECF 1 at 7; ECF 1-5 at 2.)

Petitioner was re-detained on February 27, 2026, during her Form I-485 adjustment of status interview.  (ECF 1 at 7.)  Petitioner did not receive written notice of the reason for her re-detention and was not afforded a hearing prior to her re-detention.  (*Id.* at 8.)

The petition seeks release or, in the alternative, an individualized bond hearing before an impartial immigration judge where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (*Id.* at 3, 19.)  Petitioner also argues that due process requires consideration of alternatives to detention and financial ability to pay. (*Id.* at 16, 18.)

As to the last argument, the Court agrees with Petitioner that the Ninth Circuit has held that an immigration judge's failure to consider alternative conditions of release or a detainee's financial circumstances in setting an immigration bond amount likely violates the Due Process Clause.[2] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91, 1000 (9th Cir. 2017).

---

[2] The Court notes that 8 U.S.C. § 1226(e) precludes jurisdiction over claims that an immigration judge, exercising statutorily delegated

In the two-paragraph answer, Respondents included the following: "Respondents are not presenting an opposition argument at this time."[3] (ECF 8 at 2.)

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **May 6, 2026**, she is provided with an individualized bond hearing before an immigration judge wherein (1) the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or danger to the community, and (2) the immigration judge must consider alternative conditions of release and Petitioner's financial circumstances when setting a bond amount.

DATED: April 29, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

discretion, "set an excessively high bond amount." *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008).

[3] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). In our adversarial system, the judge does not act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

3